# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

STATE OF LOUISIANA

VERSUS

RICKIE BRUMFIELD

NO. 2020 KW 0218

**MAY 28 2020**

---

In Re:   Rickie Brumfield, applying for supervisory writs, 22nd Judicial District Court, Parish of Washington, No. 95-CR2-60089.

---

**BEFORE:   McCLENDON, WELCH, AND HOLDRIDGE, JJ.**

**WRIT DENIED ON THE SHOWING MADE.** Relator failed to include the district court's ruling and the state's answer, if any, for the 2019 application for postconviction relief, the indictment, the commitment order, all pertinent minute entries and/or transcripts, and any other portions of the district court record that might support the claims raised in the instant writ application. Supplementation of this writ application and/or an application for rehearing will not be considered. See Uniform Rules of Louisiana Courts of Appeal, Rules 2-18.7 & 4-9. In the event relator elects to file a new application with this court, the application must be filed on or before August 21, 2020. Any future filing on this issue should include the entire contents of this application, the missing items noted above, and a copy of this ruling.

**PMc**
**GH**

   **Welch, J.,** dissents. I would grant the writ application and remand the matter to the district court to determine whether relator's attorney conceded relator's guilt over his objections in contravention of the holding in **McCoy v. Louisiana,** ___ U.S. ___, ___, 138 S.Ct. 1500, 1505, 200 L.Ed.2d 821 (2018) ("[A] defendant has the right to insist that counsel refrain from admitting guilt, even when counsel's experienced-based view is that confessing guilt offers the defendant the best chance to avoid the death penalty.") and, if so, to determine in the first instance whether **McCoy** applies retroactively on state collateral review. See **State v. Magee,** 2018-0310 (12/17/18), ___ So.3d ___, 2018 WL 6647250. "The Sixth Amendment guarantees to each criminal defendant 'the Assistance of Counsel for his defense.'" **McCoy,** ___ U.S. at ___, 138 S.Ct. at 1507. However, the autonomy to decide whether to plead guilty remains with the defendant. Such decisions "are not strategic choices about how best to achieve a client's objectives; they are choices about what the client's objectives in fact are." **Id.,** ___U.S. at ___, 138 S.Ct. at 1508.

COURT OF APPEAL, FIRST CIRCUIT

_____
DEPUTY CLERK OF COURT
        FOR THE COURT